# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>United States Postal Service Priority Mail parcel bearing tracking number 9534 6131 8228 4337 5186 16, and currently in the custody of the USPIS in San Bernardino, California | Case No. 5:24-mj-00530 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

    *See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

    *See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 843(b), and 846 | See attached affidavit |

The application is based on these facts:

    *See attached Affidavit*
    ☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

U.S. Postal Inspector, Anthony H. Jacobs
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: Riverside, CA    Honorable Shashi H. Kewalramani, U.S. Magistrate Judge
*Printed name and title*

AUSA: Mitchell M. Suliman (951-276-6026)

**AFFIDAVIT**

I, Anthony Herrera Jacobs, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of an application for a search warrant for a United States Postal Service ("USPS") Priority Mail parcel bearing tracking number 9534 6131 8228 4337 5186 16 ("SUBJECT PARCEL") in the custody of the United States Postal Inspection Service ("USPIS") in San Bernardino, California, within the Central District of California, as described more fully in Attachment A.

2. The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute or possess with intent to distribute a controlled substance), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "SUBJECT OFFENSES"), as described more fully in Attachment B. Attachments A and B are incorporated by reference herein.

3. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all my knowledge of or investigation

into this matter. Unless specifically noted otherwise, all conversations and statements described in this affidavit are provided in substance and in part only.

## II. TRAINING AND EXPERIENCE

4. I am a United States Postal Inspector with the USPIS and have been so employed since August 2003. I am currently assigned to the USPIS Los Angeles Division, Narcotics Team and Parcel Task Force, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and/or narcotics proceeds.

5. As part of my law enforcement duties, I have conducted over 150 parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of 750 parcels containing approximately 105 kilograms of fentanyl, 140 kilograms of cocaine, 620 kilograms of methamphetamine, 12 pounds of heroin, and five gallons of PCP. I have written over 240 search warrants on parcels and residences resulting in currency seizures of over $3 million dollars in drug proceeds. I have used cooperating defendants in purchases of controlled buys in furtherance of federal cases. Many of these federal cases involved the search and seizure of digital devices during the investigations.

6. I have completed a 12-week Postal Inspector basic training course, which included training on how to investigate narcotics trafficking via the United States Mail. I also have

completed an advanced training course designed for training investigators concerning narcotics mailers and shippers.

### III. SUMMARY OF PROBABLE CAUSE

7. I am conducting a drug trafficking investigation, and I learned of a package being sent to Massachusetts. I contacted United States Postal Inspector Brian Bukuras from the Boston field office. Inspector Burkuras received the package, and he told me that the package had characteristics common to packages with drugs. On December 16, 2024, I received the SUBJECT PARCEL at the San Bernardino Post Office from Inspector Burkuras because it met certain criteria common to packages containing contraband. I believe that the SUBJECT PARCEL contains controlled substances or the proceeds from the trafficking of controlled substances because a drug-detection canine alerted to the presence of a controlled substance after sniffing the SUBJECT PARCEL. Additionally, the SUBJECT PARCEL had features that are common of parcels containing contraband. Specifically, the SUBJECT PARCEL is a USPS Priority Mail parcel without a business account number and the names of the sender and recipient did not appear in law enforcement databases as associated with the listed addresses according to law enforcement databases.

### IV. STATEMENT OF PROBABLE CAUSE

**A. Background on Use of Mails for Drug Trafficking**

8. Based on my training and experience as a Postal Inspector, and the experiences shared with me by fellow Postal

3

Inspectors who specialize in drug investigations, I know the following:

      a.    Postal Inspectors have been conducting investigations into drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions such as the High Desert/Low Desert areas that include Riverside and San Bernardino Counties, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

      b.    Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel.

      c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant

4

source area for controlled substances. Controlled substances are frequently transported from the Inland Empire area via the United States Mail, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via the United States Mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

    d. Drug traffickers often use one of two USPS services: Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point. Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

  9. Based on my training and experience, and the collective experiences shared with me by fellow Postal

Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

    a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope.

    b.    The parcel bears a handwritten label, whether USPS Priority Mail Express or Priority Mail.

    c.    The handwritten label on the parcel does not contain a business account number.

    d.    The seams of the parcel are all taped or glued shut.

    e.    The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

    f.    Multiple parcels are mailed by the same individual, on the same day, from different locations.

10. Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses and examination by a trained drug detection dog.

11. I know from my experience and training that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases and suspicious parcels. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a

legitimate appearance to the parcel and is almost always paired with a false name.

### B.   Initial Investigation of the SUBJECT PARCEL

12.   Beginning in September 2024 until the present, I identified two suspects for mailing fentanyl and heroin from the city of Riverside to other parts of the country.  On December 4, 2024, during a traffic stop and subsequent search warrant at their residence, agents seized 84 kilos of cocaine, 24 kilos of fentanyl, 7 kilos of methamphetamine and two kilos of heroin.  During the interview, the suspects admitted to mailing over 20 parcels to different states around the country at the direction of Mexico.  After a review of a suspect's phone, agents found a destination address.  Agents then checked postal business records, which indicated that the SUBJECT PARCEL was recently mailed and located in Massachusetts.

13.   On December 13, 2024, I spoke with Postal Inspector Bukuras.  I told him that the SUBJECT PARCEL is related to an investigation I am conducting out of Riverside, California.  Postal Inspector Bukuras located the parcel at the Roxbury, Massachusetts post office.  According to Postal Inspector Bukuras, it had been returned as having an insufficient address.  Inspector Bukuras intercepted the parcel and sent it to me.

14.   On December 16, 2024, I received the SUBJECT PARCEL and I saw it met some of the above-mentioned indicia for the identification of parcels containing drugs or drug trafficking proceeds.  Specifically, the SUBJECT PARCEL was mailed using USPS Priority Mail and did not contain a business account

7

number. In addition, I used CLEAR, a law enforcement and open-source database, to look up the return and recipient addresses listed on the SUBJECT PARCEL and determined the following:[1]

    a. The SUBJECT PARCEL is a USPS Priority Mail parcel with tracking label number 9534 6131 8228 4337 5186 16, weighing approximately three pounds 3 ounces, with a return address of "8872 Conway Dr Riverside CA 92503 951 519 7801 Oliver Johnson." According to CLEAR database records, the return address listed on the SUBJECT PARCEL appears to be a legitimate address, but is not associated with the listed sender, "Oliver Johnson." The recipient address listed for the SUBJECT PARCEL, "37 Forest St APT. 1 Roxbury MA 02119-3363 Noah Johnson", appears to be a legitimate address, but is not associated with the listed recipient, "Noah Johnson."

**C.  Drug-Detection Dog Alerts to the SUBJECT PARCEL**

15. According to my conversations with Riverside Police Department Officer David Bee, I learned the following:

    a. On December 17, 2024, based on the suspicious characteristics of the SUBJECT PARCEL, Officer David Bee had his trained narcotics detection dog, Kilo, examine the exterior of the SUBJECT PARCEL.

    b. To examine the SUBJECT PARCEL, USPIS personnel placed it in an area where Officer Bee could perform a canine sniff with Kilo. The SUBJECT PARCEL was concealed in a locker

---

[1] Spelling and capitalization are reproduced herein as on the SUBJECT PARCEL.

among many other lockers and other post office supplies used as blanks.

    c.  Kilo gave a positive alert to the exterior of the locker where the SUBJECT PARCEL was located, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which have been recently contaminated with the odor of controlled substances.

16.  Attached to my affidavit as Exhibit 1, and incorporated by reference, is a true and correct copy of Officer Bee's declaration describing Kilo's training and history in detecting controlled substances and the alert on the SUBJECT PARCEL.

## V. CONCLUSION

17.  For the reasons set forth in this affidavit, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone
on this __th day of December 2024.

_____
THE HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

<u>PARCEL TO BE SEARCHED</u>

The following United States Postal Service ("USPS") Priority Mail parcel, (the "SUBJECT PARCEL"), seized on December 13, 2024, at the Roxbury Post Office located in Roxbury, Massachusetts, and currently in United States Postal Inspection Service in San Bernardino, California custody:

    a.   The SUBJECT PARCEL is a USPS Priority Mail parcel weighing approximately three pounds 3 ounces, with a return address of "8872 Conway Dr Riverside CA 92503 951 519 7801 Oliver Johnson."  The recipient address listed for the SUBJECT PARCEL, "37 Forest St APT. 1 Roxbury MA 02119-3363 Noah Johnson".

    b.   The SUBJECT PARCEL bears tracking number 9534 6131 8228 4337 5186 16.

i

**ATTACHMENT B**

<u>ITEMS TO BE SEIZED</u>

The following are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution of, and possession with intent to distribute, a controlled substance); 846 (conspiracy to distribute, or possess with intent to distribute, a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

      a.   Any controlled substances, including marijuana;

      b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

      c.   Parcel wrappings used to conceal items described in (a) and/or (b).

# Exhibit 1

**DECLARATION**

I, Detective David Bee, being duly sworn, declare and state: I am a sworn peace officer within the meaning of California Penal Code § 830.1.

**TRAINING AND EXPERIENCE**

I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") and have been so since February 2024. I am currently assigned to the United States Postal Inspection Service ("USPIS") Los Angeles Division, which is responsible for investigating drug trafficking organizations that use parcels to distribute illegal narcotics and/or narcotics proceeds through the United States Mail.

I attended a three-day training course in February 2024 with USPIS which included training on how to investigate narcotics trafficking via the United States Mail. I have worked closely with USPIS Inspectors since January 2023 and have conducted parcel investigations which have resulted in the arrest of individuals who have received and distributed controlled substances.

Concurrent with my assignment as a TFO with the USPIS, I serve as a full-time sworn law enforcement officer with the Riverside Police Department. I have been a sworn officer since January 2008. I was promoted to detective in August 2019 and assigned to the Narcotics Unit where I currently work. I frequently investigate illicit drug manufacturing,

transportation and trafficking, sales, and other drug-related violations.  I have attended schools for narcotics investigations, including a two-week Narcotics Investigations Course.  I have made hundreds of narcotics-related arrests which were successfully prosecuted.  I routinely work with confidential informants, have purchased illicit drugs in an undercover capacity, and have testified as a drug expert in Riverside Superior Court.

## NARCOTICS K9 TEAM DETECTIVE BEE AND K9 KILO'S TRAINING AND CERTIFICATIONS

In December 2022, I attended a five-week K-9 handler's course taught by Man-K9 Inc. in San Diego, California.  At the conclusion of the course, K-9 "Kilo" (a three-year-old Belgian Malinois) and I were certified as a drug detection K-9 team through Man-K9 Inc. and the State of California's Commission on Peace Officer Standards and Training ("P.O.S.T.").  K-9 Kilo is trained to detect odors of the following controlled substances: methamphetamine, cocaine, heroin, and fentanyl. In July 2024, I transferred training progams to Vohne Liche Kennels-West for continued maintenance.  K-9 Kilo's reliability and proficiency are tested on a bi-weekly basis by Vohne Liche Kennels-West in a controlled environment.  Certifications are conducted annually and K-9 Kilo's most recent certification was on December 11, 2024 through International Police Canine Association.  All of

K-9 Kilo's certifications and training are conducted using real contraband that has been tested and confirmed.  K-9 Kilo and I train approximately 20 hours a month in the area of narcotics detection.

On December 17, 2024, USPIS Inspector Jacobs requested K-9 Kilo's assistance in a narcotics parcel investigation.  At approximately 10:30 a.m. the same day, I met with Inspector Jacobs at the USPIS office located at 390 W. 5th St. in San Bernardino, California.  K-9 Kilo conducted a sniff of the parcel while it was concealed in a locker among many other lockers and other post office supplies used as blanks.  K-9 Kilo gave a positive alert to the exterior of the locker where the SUBJECT PARCEL was located, indicating the presence of an odor he is trained to detect.  The parcel is further described below:

United States Postal Service parcel bearing tracking number 9534 6131 8228 4337 5186 16



_____

Detective David Bee

Riverside Police Department

USPIS TFO